Otis MERRITT, Jr., Plaintiff-Appellee,

v.

Lt. Alfredo DE LOS SANTOS, Defendant-Appellant.

Nos. 82–2336, 82–2486.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 24, 1983.*

Decided Nov. 17, 1983.

---

* The appellee herein never filed an appellate brief. The case has been submitted to the court for decision on the record and on appellant's brief. We conclude oral argument will not significantly aid the court in deciding the case. *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f).

Imelda R. Terrazino, Deputy Atty. Gen., Chicago, Ill., for defendant-appellant.

Otis Merritt, Jr., pro se.

Before BAUER, CUDAHY and FLAUM, Circuit Judges.

PER CURIAM.

Defendant-appellant, Lt. Alfredo De Los Santos, appeals from the judgment entered against him by the magistrate below for violating plaintiff's due process right to an impartial Adjustment Committee. Nominal damages of $1 and punitive damages of $100 were awarded to the plaintiff. For the reasons which follow, we affirm the judgment in favor of plaintiff against defendant De Los Santos.

I

Plaintiff-appellee, Otis Merritt, Jr., filed the instant civil rights suit pursuant to 42 U.S.C. § 1983 alleging that the named defendants violated his constitutional rights by using excessive force without just cause; by denial of medical treatment; and by deprivation of his procedural due process right to an impartial disciplinary committee. The magistrate, after a bench trial, entered judgment against plaintiff on the first two counts and against defendant-appellant De Los Santos on the latter count. The propriety of the judgment in favor of the plaintiff is the issue presented to this court on appeal.

II

The factual findings of the magistrate are not in dispute. The incident which was the subject of this suit occurred on April 6, 1980. There was an altercation between the plaintiff and one guard. Several guards were called to assist. Eventually, defendant Lt. De Los Santos, the Command Officer, was summoned to the plaintiff's cell. De Los Santos ordered the guards to enter the cell, handcuff the plaintiff, remove him from the cell, and search the cell. In following this order, a struggle ensued; however the task was completed. The officers were treated in the infirmary and De Los Santos requested that plaintiff be examined by medical personnel. One of the guards prepared a disciplinary report charging plaintiff with several violations. The charged violations occurred prior to De Los Santos' arrival at the cell. One of the guards and De Los Santos prepared an inci-

dent report. An incident report is used only for the purpose of informing superiors of incidents occurring in the prison and is not used at the disciplinary proceeding. The incident report described De Los Santos' involvement in the incident upon his arrival at the scene and also included a description of what occurred before his arrival, including the fact that a guard was injured.

A disciplinary hearing was held on April 8, 1980. Lt. De Los Santos was a member of the Adjustment Committee. Plaintiff objected to defendant's presence on the committee. After a discussion on the objection, the committee concluded that it would not violate Administrative Regulation 804 if defendant remained on the Adjustment Committee.[1]

The committee found plaintiff guilty of the charges and issued sanctions of one more year in segregation, loss of one year good time and loss of audio-visual. Petitioner filed a grievance challenging the disciplinary proceeding. The Administrative Review Board, with Warden Fairman's approval, reversed the charges and expunged the charge from the prisoner's record on approximately July 31, 1980. Petitioner served no time in segregation as a result of the committee's guilty finding because he was already placed in the segregation unit at the time of the offense. Plaintiff did not lose any good time.

The magistrate found that plaintiff was denied his right to an impartial decision maker because the defendant De Los Santos investigated the charges, if he was not an actual witness, thus making it improper for him to serve on the Adjustment Committee pursuant to Administrative Rule 804.[2] The magistrate assessed nominal damages of $1. In addition, because De Los Santos testified that he was aware of Administrative Regulation 804, the magistrate

found the violation to be willful and assessed punitive damages of $100. Defendant appeals from the judgment entered against him.

### III

■ Defendant-appellant challenges as error the district court holding that plaintiff was denied his right to an impartial decision maker when De Los Santos remained on the Adjustment Committee over plaintiff's objection. Defendant contends that his presence on the committee violated neither Administrative Regulation 804 nor the due process requirement of an impartial decision making body. We disagree.

Defendant was called to the scene of the altercation to help subdue plaintiff when the guards were experiencing difficulty. Defendant supervised the situation thereafter, including ordering plaintiff to be handcuffed, sending plaintiff to the infirmary and writing up an incident report. Defendant claims that this incident report did not constitute an investigation; however, we note that the incident report written by defendant described the events which occurred prior to his arrival. This may not have been a full-fledged investigation in defendant's mind, but clearly defendant was required to inquire as to the events which took place before he came to plaintiff's cell.

Defendant cites *Meyers v. Alldredge*, 492 F.2d 296 (3d Cir.1974) and *United States ex rel. Silverman v. Commonwealth of Pennsylvania*, 527 F.Supp. 742 (W.D.Pa.1981), aff'd 707 F.2d 1397 (3d Cir.1983), in support of a reversal in this case. These cases, however, support an affirmance. In *Meyers*, an associate warden's substantial involvement in negotiating an end to an inmate strike led the court to conclude that his service on the disciplinary committee in

---

1. This finding of fact was an amendment to the district court's original findings added upon defendant's request.

2. The relevant portion of Administrative Regulation 804 reads as follows:

Under no circumstances may any person who initiated the allegations which serve the basis for the Resident Disciplinary Report, or who investigated those allegations, or who witnessed the incident sit on the Adjustment Committee hearing the Resident Disciplinary Report.

which many of the strikers were disciplined violated the due process rights of those inmates. *Id.,* 492 F.2d at 305–307. In *Silverman,* the court held that a ranking officer who signs misconduct reports while on duty even though he is not the reporting officer did not violate the prisoner's due process clause rights by serving on the disciplinary committee hearing the misconduct report. Both courts held that the requirement of impartiality mandates the disqualification of an official who is directly involved in the incident or is otherwise substantially involved in the incident but does not require the disqualification of someone tangentially involved. Defendant De Los Santos was not merely signing a report as ranking officer with no connection to the incident. He viewed the tail end of the incident even though no charges arose directly from what he witnessed. He directed the operation upon his arrival at the scene, and he wrote up an incident report which described some events which occurred prior to his arrival. This is not merely a tangential involvement in the incident charged. This court has recently reaffirmed the importance of impartial decision makers serving on prison disciplinary committees. *Redding v. Fairman,* 717 F.2d 1105 (7th Cir.1983). We find that the district court made no error in determining that De Los Santos violated Administrative Regulation 804 and plaintiff's due process right to an impartial tribunal by serving on the Adjustment Committee.

## IV

Defendant-appellant also challenges the magistrate's award of punitive damages because there was no evidence of aggravating circumstances or malicious intent. The magistrate, in assessing punitive damages, found that defendant's violation of plaintiff's due process right was willful.

Punitive damages are recoverable in a § 1983 suit in an appropriate case. *See Carey v. Piphus,* 435 U.S. 247, 257 n. 11, 98 S.Ct. 1042, 1049 n. 11, 55 L.Ed.2d 252 (1978). The standard for determining whether it is appropriate to award punitive damages has been described in various ways. In a recent Supreme Court decision it was decided that punitive damages may be assessed "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* —— U.S. ——, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). This court has required a "showing of aggravating circumstances or malicious intent" to justify the award of punitive damages. *Endicott v. Huddleston,* 644 F.2d 1208 (7th Cir.1980); *Konczak v. Tyrrell,* 603 F.2d 13 (7th Cir. 1979), *cert. denied,* 444 U.S. 1016, 100 S.Ct. 668, 62 L.Ed.2d 646 (1980).[3] Punitive damages may be awarded for the purpose of deterring or punishing constitutional violations. *See Endicott v. Huddleston,* 644 F.2d at 1217; *see also Smith v. Wade,* 103 S.Ct. at 1636. In addition, the Supreme Court recently rejected the argument that "the deterrent purposes of punitive damages are served only if the threshold for punitive damages is higher in every case than the underlying standard for liability in the first instance." *Id.,* 103 S.Ct. at 1638.

The instant case was a bench trial, therefore the decision to award punitive damages was within the discretion of the trial court. *Busche v. Burkee,* 649 F.2d 509 (7th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). A trial court cannot be required to award punitive damages. A determination to award punitive damages, however, must have support in the record. In *Busche,* this court refused to overturn an award of punitive damages

---

**3.** Other courts have concluded that punitive damages are appropriate when the defendant has acted with "actual knowledge that he was violating a federally protected right or with reckless disregard at whether he was doing so," *Cochetti v. Desmond,* 572 F.2d 102, 106 (3d Cir.1978); or when a defendant was "by action or knowledgeable inaction, involved in the wrongdoing." *Marr v. Rife,* 503 F.2d 735, 745 (6th Cir.1974). Defendant in the instant case falls within these two categories of persons who may have punitive damages awarded against them.

because the award was not clearly erroneous.

 We find that the magistrate's award of punitive damages is not clearly erroneous. The magistrate found defendant De Los Santos' action was a willful violation because he was aware of Regulation 804 and its requirements. The magistrate found that the defendant willfully and knowingly violated plaintiff's right to an impartial tribunal. We note that this case involves a clear violation of the Administrative Regulation and of plaintiff's constitutional rights. Defendant's attempts to argue otherwise are disingenuous at best. In addition, the award has a readily apparent deterrent effect on this type of willful violation of a plaintiff's due process right. We will not disturb the magistrate's award of $100 in punitive damages.

### V

For the foregoing reasons, we affirm the magistrate's entry of judgment against the defendant-appellant and the award of both nominal and punitive damages.