**James F. TAYLOR, Plaintiff**

v.

**Steve KOON, Don Helling, Michael Budge, and Harold Whitley, Defendants.**

**No. CV–R–86–231–ECR.**

United States District Court, D. Nevada.

March 25, 1988.

James F. Taylor, pro se.

Brian McKay, Atty. Gen., Carson City, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

This case was initiated *pro se* by James F. Taylor, a prisoner at the Nevada State Prison ("NSP"), on February 26, 1986. On June 12, 1986, it was consolidated with the substantially identical case of *Taylor v. Whitley*, CV–R–86–289–ECR (docket # 4). Since then, plaintiff has amended his complaint twice, on July 8, 1986, and on January 27, 1987 (docket # 8 and # 21).

On February 27, 1987, plaintiff filed a motion for partial summary judgment (docket # 23). Defendants opposed that motion and made a cross-motion for summary judgment on April 15, 1987 (docket # 25). Plaintiff replied and opposed the cross-motion on April 21, 1987 (docket # 26). The United States Magistrate issued a report and recommendation (docket # 29, filed January 19, 1988) recommending partial summary judgment in favor of plaintiff. Defendants did not object to the report and recommendation.

The plaintiff's second amended complaint includes five counts. Four of the counts allege violations of plaintiff's right to due process of law in conjunction with his placement in disciplinary detention on four different occasions. The fifth count is based on alleged inadequate medical care. The four due process claims are the subject of the motions for summary judgment now before the Court.

The plaintiff's due process claims are against defendants Harold L. Whitley, Steve Koon, Michael Budge, Philip Johnstone, Kenneth Webb, and Miles Long. It appears, however, that a summary judgment in favor of plaintiff would not reach defendant Webb as he has not been properly served. ·

Defendant Whitley was warden of NSP when the events underlying this case occurred. He admits to approving the procedure whereby plaintiff was placed in disciplinary detention. Defendant Whitley's Response to Request for Admissions, Exhibit A to plaintiff's Motion for Partial Summary Judgment (docket # 23), page 5, lines 24–28, and page 6, lines 1–3. Defendant Koon was the associate warden. Defendants Budge, Johnstone, and Long were correctional officers; they were involved in the movement of plaintiff to disciplinary detention.

The facts are simple and undisputed.

On February 8, 1986, a correctional officer ordered plaintiff to move from administrative segregation to general population housing. Plaintiff refused. Plaintiff was then placed in disciplinary detention. On February 10, 1986, plaintiff was provided notice of the disciplinary charges against him. On February 11, 1986, plaintiff was moved back to administrative segregation pending disciplinary proceedings. On February 15, 1986, a disciplinary hearing was held, and plaintiff was found guilty of the charges against him: disobeying an order and delaying, hindering or interfering with a correctional employee.

Again, on April 29, 1986, plaintiff disobeyed an order of a correctional officer to move from administrative segregation to general population housing. He was again

immediately placed in disciplinary detention. On May 1, 1986, plaintiff was given notice of the charges against him. On May 2, 1986, a hearing was held. Again plaintiff was found guilty, this time of disobeying an order.

On July 4, 1986, plaintiff, for a third time, disobeyed an order to move from administrative segregation to general population housing. He was again moved to disciplinary detention. He received notice of the charges on July 6, 1986. A hearing was held July 8, 1986, and plaintiff was found guilty of disobeying an order and of delaying, hindering or interfering with a correctional officer.

On October 15, 1986, the plaintiff, for a fourth time, refused an order to move from administrative segregation to general population housing. He was again placed in disciplinary detention. On the next day he was provided notice of the charges against him. On October 17, 1986, plaintiff was found guilty, after a disciplinary hearing, of disobeying an order.

Plaintiff argues that the defendants denied him his procedural due process rights by placing him in disciplinary detention prior to notice and a hearing. The legal issue is whether an inmate may constitutionally be moved to disciplinary detention prior to any due process proceedings.

The plaintiff relies on *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and its progeny.

The defendants assert that due process of law is provided if there is an informal evidentiary review within a reasonable time following an inmate's transfer to disciplinary detention. Defendants cite *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Toussaint v. McCarthy,* 801 F.2d 1080 (9th Cir.1986); *Little v. Norris,* 787 F.2d 1241 (8th Cir.1986); and *Nelson v. Bryan,* 607 F.Supp. 959 (D.Nev. 1985). Defendants urge that when plaintiff refused orders to move from administrative segregation to general population housing it became necessary to immediately place him in disciplinary detention in order to keep order at NSP. *See* Affidavit of Harol L. Whitley, attached as Exhibit H

to the defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment and Cross Motion for Partial Summary Judgment (docket # 25).

Plaintiff replies that there was no indication of exigent circumstances requiring his immediate movement from administrative segregation to disciplinary detention prior to notice and a hearing.

The key to the resolution of the legal issue before the Court is the distinction between administrative segregation and disciplinary detention.

Administrative segregation refers to segregation of an inmate for a period of time to further a need of the prison. It could be used to protect the prisoner's safety, to protect others from the segregated prisoner, to break up potentially disruptive groups of prisoners, or simply to await later classification or transfer. *See Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983). The stigma of wrongdoing does not necessarily attach to a prisoner placed in administrative segregation. *Id.* at 473, 103 S.Ct. at 872.

Disciplinary detention, on the other hand, is punishment. Inmates in disciplinary detention are not allowed to have personal property and they are not allowed visits. Defendant Whitley's Response to Request for Admissions, Exhibit A to plaintiff's Motion for Partial Summary Judgment (docket # 23), page 5, lines 7–17. Inmates in disciplinary detention are denied most privileges afforded other inmates. *Id.* at page 5, lines 21–23.

In *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court held that due process of law requires that before a state prisoner may be denied a liberty interest he is entitled to (1) advance written notice of the charges against him, (2) an opportunity to call witnesses and present documentary evidence, provided that to do so will not jeopardize institutional safety or correctional goals, before a sufficiently impartial hearing board, and (3) a written statement by the fact finder of the evidence relied upon and

the reasons for the disciplinary action taken.

Later cases limited the rules of *Wolff* somewhat. Most importantly, in *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), the Supreme Court ruled that a lesser quantum of process is due a prisoner placed in administrative segregation pending disciplinary proceedings. Specifically, the Court said:

> [P]etitioners were obligated to engage only in an informal, nonadversary review of the information supporting respondent's administrative confinement, including whatever statement respondent wished to submit, within a reasonable time after confining him to administrative segregation.

*Hewitt*, 459 U.S. at 472, 103 S.Ct. at 872. The other cases cited by defendants—*Toussaint v. McCarthy*, 801 F.2d 1080 (9th Cir. 1986); *Little v. Norris*, 787 F.2d 1241 (8th Cir.1986); and *Nelson v. Bryan*, 607 F.Supp. 959 (D.Nev.1985)—are all administrative segregation cases applying the rules of *Hewitt*. Those cases, as well as *Hewitt*, are inapplicable to the issue in this case, which is the process due prior to disciplinary detention of an inmate.

Defendants argue that the rules of *Hewitt* should apply to this case because there was an important institutional need to impose immediate disciplinary detention to maintain order within NSP. Defendants do not specify the need. Defendant Whitley, the warden of NSP, said in his affidavit:

> Based upon my training and experience in some instances immediate disciplinary detention is necessary in the maintenance and order of the institution as well as to provide proper prison security. Immediate detention is necessary to maintain security and control over the inmate. Without immediate action when inmates refuse orders, prison control over inmates is jeopardized.
>
> In the specific instances which are the basis of this lawsuit involving inmate Taylor disciplinary detention was necessary in order to continue with the orderly and secure transfer of prisoners from Unit 5, administrative segregation, to Unit 4, general population housing.

Affidavit of Harol L. Whitley, attached as Exhibit H to the defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment and Cross Motion for Partial Summary Judgment (docket # 25), page 1, lines 26–28, and page 2, lines 1–9. This conclusory statement of an institutional need for the immediate movement of plaintiff to disciplinary detention is insufficient. The fact is that plaintiff was already in administrative segregation. There is nothing to indicate that an emergency situation existed or that the safety of staff, inmates, or the institution in general was threatened. In fact, the transfer of plaintiff to disciplinary detention without notice or a hearing was predetermined. *See* Defendant Whitley's Response to Request for Admissions, Exhibit A to plaintiff's Motion for Partial Summary Judgment (docket # 23), page 5, lines 24–28, and page 6, lines 1–3.

The inference to be drawn from the statement of defendant Whitley is that the perceived need for immediate disciplinary action against plaintiff was the deterrence of disobedience on the part of other inmates. This Court finds that the need for such deterrence is not the sort of need contemplated by the courts in *Hewitt* and its progeny. Deterrence of disobedience toward orders can be accomplished as well through swift, accurate disciplinary proceedings which comport with the due process rights of the inmates. Defendants' argument that there was an institutional need for immediate disciplinary detention rendering *Hewitt* applicable fails.

There is no genuine issue of material fact as to Counts I, II, III, and IV of plaintiff's second amended complaint; plaintiff is entitled to judgement as a matter of law. *See* Fed.R.Civ.P. 56; *United Steelworkers of America v. Phelps Dodge Corp.*, 833 F.2d 804, 805 (9th Cir.1987). Partial summary judgment shall be granted.

This will leave the merits of Count V of plaintiff's complaint for further litigation. Also, the issue of damages remains on Counts I–IV.

The case shall be assigned to the United States Magistrate for all further proceedings consistent with her jurisdiction. Specifically, it appears that a settlement conference may be appropriate. Also, if a settlement cannot be reached, it should be determined whether the parties will consent to a jury trial before the United States Magistrate. *See* LR 505–1.

IT IS, THEREFORE, HEREBY ORDERED that plaintiff's Motion for Partial Summary Judgment Upon Civil Rights Complaint (docket # 23) is GRANTED. Summary judgment is thus GRANTED in favor of plaintiff as to Counts I, II, III, and IV of his second amended complaint.

IT IS FURTHER ORDERED that defendants' Cross Motion for Partial Summary Judgment (docket # 25) is DENIED.

IT IS FURTHER ORDERED that this case is referred to the United States Magistrate for further proceedings consistent with her jurisdiction. Specifically, it appears that a settlement conference is in order; if settlement cannot be reached, it should be determined whether the parties will consent to a trial before the Magistrate.