**Bailey L. WILLOUGHBY, Plaintiff,**

v.

**Walter LUSTER, et al., Defendants.**

**No. CV–N–87–167–ECR.**

United States District Court,
D. Nevada.

May 2, 1989.

---

Bailey L. Willoughby, Indian Springs, Nev., pro se.

Robert J. Gower, Deputy Atty. Gen., Las Vegas, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

The case at bar is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Willoughby, a Nevada prison inmate, against the warden of the Southern Nevada Correctional Center ("SNCC") and three members of a disciplinary committee at SNCC.

This Court assigned the case to the United States Magistrate for all matters within her jurisdiction. Pursuant to that assignment, the Magistrate has submitted a Report and Recommendation advising this Court to deny the defendants' motion for summary judgment as to Counts I and II in plaintiff's complaint. The Magistrate also recommends, however, the granting of de-

fendants' motion for summary judgment as to Counts III and IV and the lost property claim in plaintiff's complaint. *See* Magistrate's Report and Recommendation entered January 4, 1989 (hereinafter "Initial R & R"). Both parties have filed objections to this Initial R & R. Since the defendants' objections included an evidentiary affidavit that had not been presented to the Magistrate, this Court referred the defendants' objections back to the Magistrate for a Supplemental Report and Recommendation. The Magistrate has submitted her Supplemental Report and Recommendation to this Court and neither party has filed any objections to it. *See* Magistrate's Supplemental Report and Recommendation entered March 8, 1989 (hereinafter "Supplemental R & R"). Pursuant to 28 U.S.C. § 636(b)(1), this Court shall now undertake a de novo review of the Magistrate's Initial and Supplemental R & Rs and the objections that have been filed thereto.

The factual background of this case has been set forth in the Magistrate's Initial and Supplemental R & Rs. In brief, this case involves alleged delays and deficiencies in a prison disciplinary hearing that was brought against Willoughby. A three-member disciplinary committee found Willoughby guilty of assaulting another inmate and sentenced him to 180 days in disciplinary detention. This sentence was eventually overturned, however, by the Director of the Nevada Department of Prisons.

## COUNT I

In Count I of his amended complaint, Willoughby alleges that he was placed in disciplinary detention for forty-eight days prior to receiving a disciplinary hearing. Defendants contend that Willoughby was placed not in "disciplinary detention," but in "administrative segregation."

 As the Magistrate correctly noted in her Supplemental R & R, the type of confinement in which Willoughby was placed is a material issue in this case. While defendants constitutionally could have confined Willoughby in administrative segregation prior to a hearing, the due process clause prohibits them from placing him in disciplinary detention prior to a hearing. *See Taylor v. Koon*, 682 F.Supp. 475, 478–79 (D.Nev.1988). The Magistrate also correctly ruled that the type of confinement is an issue of fact which depends not on titles or catch phrases, but on the substantive conditions of the confinement in question.

This Court finds, therefore, that a "genuine issue of material fact" exists in regard to Count I. Accordingly, this Court approves and adopts the Magistrate's Supplemental R & R and shall deny defendants' motion for summary judgment as to Count I in Willoughby's amended complaint.

## COUNT II

In Count II of his complaint, Willoughby contends that once he did receive a disciplinary hearing, it was not a fair and impartial hearing. He alleges that one of the three members of the disciplinary committee that conducted his hearing had participated in the investigation of the alleged assault that was the subject of the hearing. Defendants argue that even if this allegation is true, it should be dismissed on the ground that it fails to state a violation of Willoughby's constitutional rights.

 The due process clause of the United States Constitution guarantees prison inmates the right to fair and impartial disciplinary hearings. *Wolff v. McDonnell*, 418 U.S. 539, 571, 592, 94 S.Ct. 2963, 2982, 2992, 41 L.Ed.2d 935 (1974); *Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983); *McCann v. Coughlin*, 698 F.2d 112, 122 (2d Cir.1983). This right to a fair and impartial disciplinary hearing does not require that the members of the disciplinary committee come from outside the prison. In general, prison officials and administrators are quite capable of conducting impartial hearings. *See Ruley v. Nevada Bd. of Prison Comm'rs*, 628 F.Supp. 108, 112–13 (D.Nev.1986).

A prison official no longer can be considered an impartial decisionmaker, however, if he or she had some type of personal involvement in the incident that is the subject of the disciplinary hearing. Thus,

many federal courts have ruled that a prison official who witnesses or investigates an incident cannot sit on a disciplinary committee that determines whether a particular inmate was guilty of any wrongdoing in that incident. These same courts have held that the presence of such an involved official on a disciplinary committee constitutes a violation of the inmate's constitutional due process rights. *See, e.g., Merritt*, 721 F.2d at 600–01; *Giano v. Sullivan*, 709 F.Supp. 1209 (S.D.N.Y.1989); *Staples v. Traut*, 675 F.Supp. 460, 464–65 & n. 1 (W.D.Wis.1986); *Fife v. Crist*, 380 F.Supp. 901, 910 (D.Mont.1974).

This Court finds the decisions listed above to be persuasive authority for the proposition that prison inmates have a constitutional right to disciplinary committees that do not contain members who investigated or witnessed the alleged disciplinary violation. Hence, this Court finds that in the case at bar, Count II of plaintiff Willoughby's complaint does state a valid § 1983 claim. This count alleges that one of the members of the disciplinary committee that found Willoughby guilty of a major disciplinary violation had previously participated in the prison's investigation of that alleged violation. If this allegation is proven true, it would establish a violation of constitutional dimensions. Thus, it survives defendants' motion for summary judgment.

## QUALIFIED IMMUNITY

█ Defendants in the instant case contend, nevertheless, that even if one member of the disciplinary committee was not sufficiently impartial, the other two members of the committee cannot be blamed for this lack of impartiality. These other two committee members have presented sworn affidavits to this Court in which they state that, at the time of the disciplinary hearing, they were unaware that the committee's third member allegedly had investigated the assault with which Willoughby was charged. On the basis of these affidavits, they argue that they are entitled to the defense of qualified immunity.

The doctrine of qualified immunity protects prison officials from liability for acts performed in the course of their official conduct if the officials had an objectively reasonable and good faith belief that their conduct was constitutionally permissible. This doctrine does not apply, however, if the officials "knew or reasonably should have known" that their conduct violated "clearly established constitutional rights." *Procunier v. Navarette*, 434 U.S. 555, 562, 98 S.Ct. 855, 860, 55 L.Ed.2d 24 (1978).

Defendants in the instant case do not assert that Willoughby's right to an impartial disciplinary committee was not a clearly established right. Indeed, such an assertion would directly contradict the published regulations of the Nevada Department of Prisons. *See* Nevada Department of Prisons Code of Penal Discipline § II(C)(1) ("A member of the [disciplinary] committee *shall be disqualified* if he/she participated in the investigation of the incident.") (emphasis added).

Instead, the two committee members merely assert that since they did not know about the third member's participation in the investigation, their service on the committee was objectively reasonable and in good faith. This Court instructed Willoughby that since the defendants' motion contained extrinsic evidence in the form of affidavits, Willoughby would have to respond to it as a motion for summary judgment. *See* Minute Order entered April 14, 1988. Nevertheless, Willoughby has not submitted any affidavits or other evidence suggesting that the two disciplinary committee members at issue knew of the third member's alleged participation in the investigation.

Despite the lack of evidence presented by Willoughby, this Court finds that the two committee members who did not participate in the investigation are not entitled to summary judgment on the basis of qualified immunity. This Court finds that a "genuine issue of material fact" exists as to what these two committee members "reasonably should have known." We believe that even if the two members of the disciplinary committee did not have direct knowledge of the third member's participation in the investigation, a reasonable jury might conclude

that these two members should have known of the third member's involvement. Accordingly, we hold that defendants are not entitled to a finding of qualified immunity on their instant summary judgment motion. This finding, however, does not preclude defendants from renewing their claim of qualified immunity after the factual circumstances surrounding Willoughby's disciplinary hearing have been more fully established.

Hence, this Court holds that Count II of Willoughby's amended complaint states a claim against all the defendants named in that count.

## COUNTS III AND IV

The Magistrate recommended granting the defendants' motion for summary judgment as to Counts III and IV of Willoughby's amended complaint. *See* Initial R & R. This Court has reviewed the legal and factual basis for the Magistrate's recommendations as to these counts and finds her recommendations to be appropriate. This Court has also reviewed Willoughby's objections to the Initial R & R and finds them to be without merit. Thus, this Court shall approve and adopt the Magistrate's recommendation that the defendants' motion for summary judgment be granted as to Counts III and IV.

## LOST PROPERTY CLAIM

■ The final claim in Willoughby's amended complaint alleges that he lost several items of personal property while he was being held in disciplinary detention. The Magistrate recommended that this claim be dismissed on the basis of the *Parratt* doctrine. According to the United States Supreme Court's decision in *Parratt*, a deprivation of property allegedly caused by a state employee does not constitute a valid § 1983 constitutional due process claim if the state provides other adequate post-deprivation remedies. *Parratt v. Taylor*, 451 U.S. 527, 541–44, 101 S.Ct. 1908, 1916–17, 68 L.Ed.2d 420 (1981); *see also Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984). Willoughby objects to the Magistrate's recommendation on the ground that he already has unsuccessfully attempted to utilize the non–§ 1983 post-deprivation remedies provided by the State of Nevada.

Willoughby's objection, however, illustrates his fundamental misunderstanding of the *Parratt* doctrine. This doctrine *is not* similar to the exhaustion requirement applicable to habeas corpus petitions under 28 U.S.C. § 2254(b)–(c). Indeed, the concept of exhausting available state remedies has absolutely nothing to do with *Parratt*. *Cf. Patsy v. Board of Regents*, 457 U.S. 496, 516, 102 S.Ct. 2557, 2568, 73 L.Ed.2d 172 (1982) (exhaustion of state administrative remedies is not a prerequisite to bringing a § 1983 claim).

Instead, the *Parratt* doctrine simply holds that where a state provides adequate post-deprivation remedies for the intentional or negligent deprivation of property, a § 1983 claim alleging a violation of due process of law will not lie. *Parratt*, 451 U.S. at 541–44, 101 S.Ct. at 665–66; *see also Daniels v. Williams*, 474 U.S. 327, 332–33, 106 S.Ct. 662, 665–66, 88 L.Ed.2d 662 (1986). The rationale for this doctrine is that by providing the plaintiff with adequate means for seeking redress of his loss, the state has provided "due process of law." *See Daniels*, 474 U.S. at 338–40, 106 S.Ct. at 678–79 (Stevens, J., concurring); *Hudson*, 468 U.S. at 533, 104 S.Ct. at 3203; *Parratt*, 451 U.S. at 541–44, 101 S.Ct. at 1916–17. The issue of whether the plaintiff has been successful in redressing his alleged loss through these other available remedies is immaterial. Under the *Parratt* doctrine, simply the existence of these alternate remedies forecloses the availability of a § 1983 procedural due process claim.

Moreover, according to the allegations in his amended complaint, Willoughby's lost property claim is clearly subject to the *Parratt* doctrine. He alleges that his property was "lost" while he was serving the time to which he was sentenced in disciplinary detention. This allegation constitutes a procedural due process claim, rather than a substantive due process claim or a claim under a specific provision in the Bill of Rights. Hence, the *Parratt* doctrine is directly applicable to Willoughby's lost property claim. *See Daniels*, 474 U.S. 327,

338–40, 106 S.Ct. at 678–79 (Stevens, J. concurring) (setting forth the different types of claims to which *Parratt* does and does not apply); *Smith v. City of Fontana*, 818 F.2d 1411, 1414–16 (9th Cir.) (same), *cert. denied*, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987).

Hence, this Court finds that Willoughby's lost property claim is subject to dismissal under the *Parratt* doctrine. To the extent that the Magistrate recommended dismissal of this claim, this Court shall approve and adopt her recommendation.

## JUDGMENT

IT IS, THEREFORE, HEREBY ORDERED that defendants' Motion for Summary Judgment (document # 16) is DENIED as to Counts I and II in Willoughby's amended complaint.

IT IS FURTHER ORDERED that defendants' Motion for Summary Judgment (documents # 15 and # 16) is GRANTED as to Counts III and IV and the lost property claim in Willoughby's amended complaint.

IT IS FURTHER ORDERED that to the extent set forth in this order, the Magistrate's Initial and Supplemental Report and Recommendations (documents # 26 and # 33) are hereby APPROVED AND ADOPTED.