25 F.3d 1053
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Percy Ray BERRY, Plaintiff-Appellant,
v.
John L. NUNN, et al., Defendants-Appellees.
 No. 93-1289.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1994.*
Decided May 24, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Percy Ray Berry, proceeding pro se, appeals from the district court's grant of summary judgment[1] to all defendants in this civil rights action under 42 U.S.C. Sec. 1983.
 
 
 2
 Berry first asserts that he was deprived of a fair hearing before impartial decisionmakers because appellees A. McEwen and Brenda Moss comprised the Conduct Adjustment Board ("CAB"), which found Berry guilty of sexually assaulting correctional officer Janice Collins. Berry asserts that McEwen and Moss were "close personal friends" of Collins. An inmate has a constitutional right under the Due Process Clause of the Fourteenth Amendment to impartial decisionmakers in prison disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 571 (1974); Redding v. Fairman, 717 F.2d 1105, 1112-13 (7th Cir.1983), cert. denied, 465 U.S. 1025 (1984). "[T]he requirement of impartiality mandates the disqualification of an official who is directly involved in the incident or is otherwise substantially involved in the incident but does not require the disqualification of someone tangentially involved." Merritt v. De Los Santos, 721 F.2d 598, 601 (7th Cir.1983). The record contains no evidence of any personal involvement by McEwen and Moss in the factual circumstances underlying the disciplinary proceeding.
 
 
 3
 Berry challenges the adequacy of the statement of the evidentiary basis for the outcome of the disciplinary proceeding. An inmate has a right to a " 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Wolff, 418 U.S. at 564 (citation omitted). "[T]he kind of statements that will satisfy the constitutional minimum will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides." Culbert v. Young, 834 F.2d 624, 631 (7th Cir.1987), cert. denied, 485 U.S. 990 (1988); accord Saenz v. Young, 811 F.2d 1172, 1174 (7th Cir.1987).
 
 
 4
 The Disciplinary Hearing Report of the CAB stated, "Based on Conduct Report and offender's written statement. We find the offender guilty of sexual assault. Code 104." The factual circumstances surrounding the sexual assault charge were clearly described in Officer Collins' conduct report. Berry submitted a written statement to the CAB denying the charge. The record indicates that no other evidence was presented to the CAB. "Obviously, therefore, the committee believed the conduct report and disbelieved the plaintiff. As there is no mystery about its reasoning process, despite the extreme brevity of its statement of reasons, that statement is not so deficient as to create error of constitutional magnitude." Saenz, 811 F.2d at 1174; accord Culbert, 834 F.2d at 631.
 
 
 5
 Berry also asserts that he received constitutionally inadequate notice because he did not have a reasonable amount of time to prepare for the disciplinary hearing and he was unsure of the charged code violations. The Conduct Report charged Berry with sexual assault and the Segregation/Confinement Report described the charged offense as "battery upon another person." Berry also claims that the filing of charges in two separate reports based on the same incident violated Rule 12-C-5 of the Indiana Department of Corrections Adult Disciplinary Policy Procedures ("ADPP").
 
 
 6
 An inmate subject to a disciplinary proceeding must be given written notice of the charges against him at least 24 hours prior to his appearance before a disciplinary board. Wolff, 418 U.S. at 564. Berry received a copy of the Conduct Report three days before the disciplinary hearing. The Conduct Report charged Berry with one sexual assault. Although the Segregation/Confinement Report described the offense as "battery," that report was not the charging document and was irrelevant in the CAB hearing. There was no violation of Rule 12-C-5 of the ADPP because that regulation requires dismissal of charges when more than one Conduct Report concerning a particular incident has been filed and "duplication of charges is evident." ADPP Rule 12-C-5. In this case only one Conduct Report was filed.
 
 
 7
 Berry also contends that his appeal should not have been considered by Timothy Todd, Director of the Lakeside Correctional Unit, because Todd approved the sanctions recommended by the CAB. An inmate has the right to meaningful administrative review of disciplinary proceedings by the Indiana Department of Corrections. Forbes v. Trigg, 976 F.2d 308, 319 (7th Cir.1992), cert. denied, 113 S.Ct. 1362 (1993). Berry has not presented any evidence other than Todd's approval of the CAB's sanctions which indicates that the appellate review of the CAB proceeding was less than meaningful. Further, Berry subsequently appealed Todd's decision to the Director of Adult Institutions, the final reviewing authority under ADPP Rule 25-C, which denied the appeal. Therefore, Berry was not denied meaningful administrative review of the CAB proceeding.
 
 
 8
 Berry's final argument is that Indiana's credit time statute, Ind.Code Secs. 35-50-6-3--35-50-6-7 (1993), is unconstitutional because Indiana does not provide state judicial review of an inmate's loss of earned good-time credits through prison disciplinary proceedings. See Hasty v. Broglin, 531 N.E.2d 200, 201 (Ind.1988). This argument fails because the Indiana may constitutionally delegate the adjudication of prison disciplinary proceedings solely to administrative bodies. Markham v. Clark, 978 F.2d 993, 995 (7th Cir.1992); Miller v. Duckworth, 963 F.2d 1002, 1005 (7th Cir.1992).
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Although the district court purported to grant the defendants' Motion to Dismiss and for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c), the district court considered materials outside the pleadings presented by the defendants in doing so. This automatically converted the defendants' motion into a motion for summary judgment under Federal Rule of Civil Procedure 56. Fed.R.Civ.P. 12(b), (c). The defendants' motion satisfied the notice requirements established in Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir.1982), and the plaintiff was given a reasonable opportunity to present all material pertinent to a motion for summary judgment. Fed.R.Civ.P. 12(b), (c)