132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony D. HOGAN, Petitioner-Appellant,
v.
Craig HANKS, Respondent-Appellee.
 No. 97-1594.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1997.*
Decided Dec. 16, 1997.
 
 Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division, No. 96-152-C T/H; John D. Tinder, Judge.
 Before POSNER, Chief Judge, and BAUER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Anthony Hogan, an inmate at the Wabash Valley Correctional Facility in Indiana, petitioned the district court for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that the penalties imposed following a prison disciplinary hearing on June 5, 1995 violated his constitutional rights. The district court denied the petition. This court issued a certificate of appealability solely on the issue of whether Hogan was denied his right to have an impartial decisionmaker adjudicate his disciplinary hearing. We affirm.
 
 
 2
 Hogan has filed numerous complaints about his treatment since arriving at Wabash Valley. He alleges that Sergeant James West took offense to these complaints, calling Hogan a "crying nigger" and threatening Hogan with physical harm. Undeterred, Hogan complained to Craig Hanks, the warden, about West's insult and threats. Hogan's complaint about West was ultimately deemed unfounded.
 
 
 3
 A few months later, West was appointed as the disciplinary hearing officer for Hogan's unit. When an unrelated disciplinary report was filed against Hogan, Hogan claims that West took the opportunity to exercise his bias against Hogan. Hogan alleges that West came to his cell to inform him that West would be the hearing officer, and that West refused to recuse himself when Hogan asked that he do so. Hogan then elected not to participate in his disciplinary hearing. West found Hogan guilty of the reported misconduct. and ordered that Hogan receive a verbal reprimand, two months' loss of commissary privileges, six months of segregation (suspended), demotion from time-earning status II to III, and the loss of 30 days earned credit time. Hogan's appeals to the appropriate prison authorities were denied. On June 6, 1996, Hogan filed this habeas petition, challenging the fairness of West's determination.[1]
 
 
 4
 Because Hogan's petition was filed after April 24, 1996, the 1996 amendments to 28 U.S.C. § 2254 apply here. Lindh v. Murphy, 117 S.Ct. 2059 (1997). Section 2254(d)(1), as amended, provides that a court may not issue a writ of habeas corpus unless the defects identified by the prisoner "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Hogan relies upon Wolff v. McDonnell, 418 U.S. 539 (1974), which requires among other things that prison disciplinary proceedings be conducted by an impartial decisionmaker. See id. at 571; Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir.1992). Neither Wolff nor any subsequent Supreme Court case has precisely outlined the definition of an "impartial decisionmaker," however. The Court in Wolff held that a prison disciplinary board made up of the Associate Warden Custody, the Correctional Industries Superintendent, and the Reception Center Director was sufficiently impartial to satisfy the requirements of due process. Wolff 418 U.S. at 571. Thus, the mere fact that the disciplinary board officers are prison officials with an interest in the maintenance of order in the prison does not violate the requirement of impartiality. There must be some demonstration of actual bias by the individual hearing officer. Justice Marshall elaborated slightly upon this principle in his partial concurrence, stating that "in my view due process is satisfied as long as no member of the disciplinary board has been involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case." Id. at 592 (Marshall, J., concurring in part and dissenting in part).
 
 
 5
 Although Wolff is the only Supreme Court pronouncement on the issue of impartial decisionmakers in prison disciplinary proceedings, several circuit courts of appeal including our own have analyzed Wolff's application in certain factual circumstances. For instance, this court has applied Wolff's impartiality requirement to bar a correctional officer who witnessed the incident that is the subject of the disciplinary proceeding from participating in the Adjustment Committee ruling on that incident. Meritt v. De Los Santos, 721 F.2d 598, 601 (7th Cir.1983). That scenario is not present here, however, there is no indication that West witnessed or investigated the incident that was the subject of this disciplinary proceeding against Hogan. A somewhat closer analogy is Redding v. Fairman, 717 F.2d 1105 (7th Cir.1983), in which this court held that, under certain circumstances, prison officials may not serve on disciplinary boards if the prisoner being reported for misconduct has a pending legal action against those officials. Id. at 1113 (remanding for a finding on the extent of the officials' personal involvement in the subject matter of the inmate's legal action). Hogan's complaint against West was no longer pending at the time West served as Hogan's hearing officer, however, and the complaint had been resolved in West's favor. Hogan points neither to any Supreme Court case law nor to any past applications of Wolff that would require us to reverse the district court's finding of impartiality on these facts. Accordingly, under the standards of § 2254(d) as amended, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and the record. we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(1)
 
 
 [1]
 It is not clear from Hogan's briefs whether he is charging that racial bias or personal animus produced West's bias against him. For purposes of this discussion, however, the exact nature of the claim does not matter