**Antonio HARRIS, Petitioner–Appellant,**

v.

**Craig HANKS, Respondent–Appellee.**

No. 02–3540.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 10, 2003.*

Decided Dec. 19, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a).

Antonio Harris, pro se, Carlisle, IN, for Petitioner–Appellant.

Matthew D. Fisher, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

## Order

Indiana deducted some good-time credits from the account of Antonio Harris and thus delayed the date of his release. He filed this proceeding under 28 U.S.C. § 2254, contending that the prison had acted without affording the hearing that the due process clause of the fourteenth amendment requires. The district court denied the petition, and Harris appeals.

■ Although the bulk of the district court's analysis is a straightforward application of settled law, two issues require more attention. First is Harris's contention that Lt. Brough, the chairman of the conduct board that imposed the sanction, was not impartial because he participated in the investigation of the events. Impartiality is a constitutional requirement, see *Wolff v. McDonnell,* 418 U.S. 539, 570–71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and we have understood this to mean that a person who participates in the investigation may not serve on the disciplinary board. See *Merritt v. De Los Santos,* 721 F.2d 598, 601 (7th Cir.1983). Brough signed an affidavit conceding that he was at the prison when four inmates attacked and beat correctional officer Cooper (the offense of which the board convicted Harris) but denying that he witnessed the events or investigated Harris's role. The district judge wrote: "nothing in the record in this case suggests that the hearing officers, including Lt. Brough, were other than impartial". Yet there *is* such evidence in the record. Harris submitted affidavits from two other inmates who attested that Brough had asked them questions about the incident as they were escorted to segregation following Cooper's beating. These affidavits, if truthful, show that Brough attempted to take part in an investigation, and though he may not have learned anything the attempt calls his impartiality into question. This conflict in the record requires resolution, through an evidentiary hearing if necessary.

■ Second, some of the information that the board considered came from an informant whose name was not revealed to Harris, and whose credibility was accordingly hard to contest. Although prison disciplinary boards are entitled to receive confidential information when necessary to protect the person's safety, we have held that the board must have some way to test the person's credibility. See *Whitford v. Boglino,* 63 F.3d 527, 535 (7th Cir.1995). Here the board relied on an affidavit by officer Lemons, who stated that "C.I. 01WVCF0828–7 ... witnessed Offender Harris assault Correctional Officer Cooper by hitting and kicking him." What reason did the board have for believing C.I. 01WVCF0828–7? Lemons submitted a preprinted form and checked a box for this option: "Each confidential source ap-

proached the undersigned separately. They each run with different groups and would have no reason to concoct the information given to the undersigned. Each source provided substantially similar information to the undersigned."

This implies two bases for credibility: corroboration via independent description; and corroboration because "separate groups" (a euphemism for opposing gangs?) have little reason to say the same thing unless it is true. This works if, and only if, there *were* multiple independent sources who "run with different groups." As far as this record shows, however, there was just one informant, C.I. 01WVCF0828–7. The box checked offers no basis for thinking that a single, uncorroborated story is correct. There are other ways to support an informant's credibility, see *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Mendoza v. Miller,* 779 F.2d 1287, 1293 (7th Cir.1985), and we do not doubt that, as with applications for search warrants, this may be done without the need for live testimony by the law enforcement officer who has evaluated the informant's credibility. See also *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). But at least as far as this record shows, none of the usual means of checking an informant's credibility was applied to C.I. 01WVCF0828–7. The district court may need to enlarge the record, again potentially by taking testimony, to learn whether the board had good reasons for thinking C.I. 01WVCF0828–7 to be credible.

The judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this order.