**David L. HADLER, et al., Plaintiffs,**

v.

**UNION BANK AND TRUST COMPANY OF GREENSBURG, Defendant and Third Party Plaintiff,**

v.

**The NYHART COMPANY, INC., Third Party Defendant.**

**No. IP 86–1127–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

May 30, 1991.

Timothy E. Hollingsworth, James P. Cavanaugh, III, Barton, Wade, Hartley & Hollingsworth, Indianapolis, Ind., for plaintiffs.

Robert G. Zeigler, Lacava, Zeigler & Carter, Indianapolis, Ind., James R. Cox, Ivan J. Schell, Hirn, Reed, Harper & Eisinger, Louisville, Ky., John W. Purcell, Baker & Daniels, Indianapolis, Ind., for defendant.

## ORDER GRANTING MOTION FOR RECUSAL

TINDER, District Judge.

Friendship means many things, but it is rarely adequate grounds upon which to seek recusal of a federal judge. Every federal judge takes a solemn oath to uphold the Constitution and laws of the United States. That oath would provide little solace to the thousands of litigants who daily seek redress of their legal claims in federal court were it supposed that judges would regularly be unable to set aside personal friendships in order to uphold the law.

Thus, it has been said that, "it is beyond contemplation that [the] gratitude [of a judge toward a litigant who had once done a favor for a friend] would be of the weight necessary to cause a judge to jettison his impartiality and ... violate his deepest professional and ethical commitments as a judge." *In re United States*, 666 F.2d 690, 696 (1st Cir.1981). Similarly, it is beyond the bounds of reasonable supposition to infer that a judge would abandon his obligation of impartiality merely because a friend is a witness in a case in which that judge is presiding. That is why practically "every federal court faced with arguments for recusal based on friendship has found recusal unnecessary." *M.K. Metals, Inc. v. National Steel Corp.*, 593 F.Supp. 991, 995 (N.D.Ill.1984).

In the instant case the first party defendant and third party plaintiff, Union Bank and Trust Company of Greensburg ("Union Bank"), has filed a motion pursuant to 28 U.S.C. § 455(a)[1] requesting that this judge "recuse himself from further service as judge in this litigation." Union Bank's brief in support of its motion for recusal notes that, "the basis for and necessity of this motion did not come to the attention of the parties or the Court until approximately March 14, 1991" when it was learned that Malott Nyhart would be a witness in this matter.

The basis of the motion for recusal, in the words of Union Bank, is that, "[w]hile the Third Party Plaintiff has no reason to question Judge Tinder's integrity or his handling of the case to date, his long-standing personal friendship with Mr. [Malott]

---

1. 28 U.S.C. § 455(a) provides that:
   Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Nyhart, [a principle fact witness in this case], coupled with Mr. Nyhart's personal interest in this litigation, is a reasonable basis for a finding of an appearance of partiality." Thus, the motion before this court requests recusal, in part, due to the "appearance of partiality" created by this judge's friendship with an expected witness in this case.

■ It is true that Malott Nyhart has been my long-time personal friend. Nevertheless, if the motion for recusal identified no more than friendship with Malott Nyhart, a witness but not a party in this litigation, as the basis for recusal of this judge, then, based on the precedents set forth above, this court would be required to deny that motion. "[A] judge once having drawn a case should not recuse himself on an unsupported, irrational, or highly tenuous speculation." *In re United States*, 666 F.2d at 694. To conclude that this judge or any judge would ignore the law and his solemn oath in order to favor the testimony of a witness merely because of friendship with that witness one would have to engage in "speculation."

■ Union Bank, however, has identified several additional factors relevant to its motion which merit closer analysis. The additional factors which Union Bank submits justify recusal include:

1. the fact that, although Mr. Nyhart is not a party to this litigation, a company, the Nyhart Company, Inc. ("Nyhart Company"), in which he is an officer and a stockholder is a defendant in this case,

2. the fact that by virtue of his status as a stockholder in the defendant Nyhart Company Malott Nyhart has a financial interest in the outcome of this litigation,

3. the fact that the parties have waived a jury trial so that this judge would be the finder of fact in this case[2],

4. the fact that Mr. Nyhart's testimony is likely to be pivotal on the key issue of liability in this case,

5. the fact that the weight to be given Mr. Nyhart's testimony will turn on his credibility as a witness, and

6. the fact that counsel for both the third party plaintiff and the third party defendant have indicated that they consider recusal a reasonable step to insure that the appearance of partiality is preserved.[3]

After a considered review of these additional factors this court has reached the conclusion that "an objective, disinterested observer fully informed of the facts underlying the grounds on which recusal was sought [might] entertain a significant doubt that justice would be done in the case" were this judge to continue. *Pepsico, Inc. v. McMillen*, 764 F.2d 458, 460 (7th Cir.1985). It should be noted that this court considers the question of recusal presented in this case to be a close one, but "where the question is close, the judge whose impartiality might reasonably be questioned must recuse himself from the trial." *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir.1980).

Several factors distinguish this case from decisions such as *M.K. Metals*, a case in which the learned Judge Shadur denied a motion for recusal based on his friendship with several principals in a firm supplying litigation services where an expert witness from that firm had been employed to testify at trial. First, is the fact that this judge, unlike Judge Shadur, *see M.K. Met-*

**2.** It should be noted that the principal dispute remaining in this case arises from the third party complaint by Union Bank and Trust against the Nyhart Company. The parties have informed the court that the dispute between the original plaintiffs and Union Bank and Trust is nearly resolved, and that only the third party claim will need to be tried. A jury trial was originally requested on the plaintiffs' complaint. Union Bank and Trust and the Nyhart Company have both indicated that they are waiving their right to a jury trial on the third party complaint. The Nyhart Company filed a formal waiver of

jury trial on April 23, 1991 and Union Bank and Trust expressed its clear waiver on page 3 of its Motion for Recusal, filed on April 15, 1991.

**3.** While a party's own perception of bias is not determinative regarding the reasonableness of a perception of partiality, the concerns expressed by counsel may, in some circumstances, "cast light on what a reasonable person might find questionable." *National Union Fire Ins. v. Continental Ill. Corp.*, 639 F.Supp. 1229, 1230 n. 1 (N.D.Ill.1986).

*als,* 593 F.2d at 995 n. 5, would be required to sit as the ultimate fact-finder at trial were this judge to continue in this case.

I believe that I can fairly and equally dispense justice in this case, but the test of § 455(a) is an objective, not a subjective one. While there is little reason to fear that a judge in open court will unfairly influence a jury, in part because any improper suggestion by a judge in front of the jury is observable by the parties and a matter of record that can be reviewed, similar protections are unavailable where the judge is the fact-finder.

Section 455(a) is designed to prevent the courts of justice from being besmirched by the shadow of the "appearance of partiality." Section 455, therefore, protects not only against actual impartiality which lurks in the mind of a judge, but it also protects against impartiality which might reasonably be suspected to lurk there. It is only to observe human nature to recognize that individuals are likely to be less suspicious about that which they can observe than about that which they cannot. Thus, the requirements of § 455(a) become incrementally more stringent when the judge becomes the fact-finder.

Another relevant concern is the nature of the testimony expected to be rendered by Mr. Nyhart. Mr. Nyhart is not appearing as a mere economic expert, as was the witness in the *M.K. Metals* case. Were Mr. Nyhart's testimony more objectively quantifiable, such as the testimony of the typical damages expert in commercial litigation, then there would be far less reason for an objective observer to conclude that this judge might give that testimony undue weight.

In this case it has been represented that Mr. Nyhart's testimony will go directly to the issue of the liability of the Nyhart Company and that the fact-finder will be compelled to reach a conclusion on liability based in large part on the credibility the fact-finder gives to Mr. Nyhart's testimony. Nevertheless, these circumstances alone could not lead to a reasonable conclusion that the appearance of partiality would be created by this judge sitting as the trier of fact in this case. As this court has already noted, it cannot be presumed that friendship with a witness, without more, will transform a judge into an advocate.

Of course, the "more" that is needed to create the appearance of partiality will depend on the facts of each case. No hard and fast rules can be laid down. Rather, a court is obligated to review the totality of the factual situation before answering the question—to recuse or not to recuse?

In this case, the court finds that the very specific financial interest of Malott Nyhart in the outcome of this case justifies recusal. Mr. Nyhart does not have an attenuated financial interest similar to the friend of Judge Shadur which was insufficient to justify recusal in the *M.K. Metals* case.

In *M.K. Metals* the party seeking recusal (M.K. Metals) noted that the "principal business activity" of the firm of which the friend of Judge Shadur was a principal "is providing expert testimony in lawsuits." *M.K. Metals,* 593 F.Supp. at 995. The moving party in *M.K. Metals* raised the concern that, "if [the expert] witness were discredited by a jury in this case, other customers may leave or may fail to come" to the business of Judge Shadur's friend, resulting ultimately in lost income to Judge Shadur's friend.

Judge Shadur observed that, "M.K. apparently fears that to prevent such a result I will conduct myself in such a way that the jury believes I credit [the expert's] testimony" and, in response, noted that, "[s]imply to state that concern discloses its objective unreasonableness." *Id.* at 995–96. Were Malott Nyhart appearing simply as an expert witness in this case this court would conclude, like Judge Shadur, that any economic benefit that might inure to him by virtue of the success of the party who hired him in the litigation would be too attenuated to provide a reasonable argument for recusal. While Malott Nyhart does not infrequently appear in court as an economic expert, his role in this litigation is different.

In this case Malott Nyhart is a fact witness for a party who stands to lose a significant sum of money should that party

be found liable to Union Bank. Malott Nyhart is not himself a party to this litigation. Nevertheless, by virtue of his position as a stockholder in the Nyhart Company, Mr. Nyhart does have a stake in the outcome of this case. This court is unaware of the extent of Mr. Nyhart's interest in the Nyhart Company, however, because the Nyhart Company has not opposed this motion [4] this court will presume that Mr. Malott's interest in the Nyhart Company is a substantial one and that his interest could be substantially affected by an adverse result in this litigation.

Given Mr. Nyhart's financial stake in the outcome of this case he is more in the position of a party than the typical factual witness. While Mr. Malott and this judge have never had a joint financial interest in anything that this judge is aware of and while no financial benefit could conceivably redound to this judge by favoring Mr. Nyhart's testimony in this case, this court holds that the combination of Mr. Nyhart's own financial stake in this case, the nature of and pivotal character of Mr. Nyhart's expected testimony with respect to the third party claim and this court's personal friendship with Mr. Nyhart together tip the balance in favor of recusal in this case. I must, therefore, recuse myself from this case.[5]

Accordingly it is hereby ORDERED that the clerk of this court reassign this case to another judge in this district.

ALL OF WHICH IS ORDERED.

---

**4.** Indeed, counsel for the Nyhart Company sent a letter to this court, prior to Union Bank's motion for recusal, in which counsel stated that, "we would respectfully suggest, given ... that Malott Nyhart is evidently going to be used inevitably as a fact witness ... that you might consider recusing yourself in this matter."

**5.** It is regrettable that this recusal comes after this case has been pending before me for such a long period of time. However, the Nyhart Company has only been a party to this action for a short portion of the entire length of this case. Similarly, the conflict only became known to counsel, and the court as well, in recent months as the preparation for an upcoming trial date was underway.