In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1720

Steven L. Eads,

Petitioner-Appellant,

v.

Craig A. Hanks,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division.
No. 00 C 285--Richard L. Young, Judge.

Submitted November 21, 2001--Decided January 18, 2002

  Before Posner, Manion, and Rovner, Circuit
Judges.

  Posner, Circuit Judge.  A state prisoner
appeals from the denial of habeas corpus
relief. A disciplinary committee at the
prison had found him guilty of disorderly
conduct and revoked 90 days of good-time
credit, and he claims that the proceeding
denied him due process of law because (he
alleges) a member of the committee is the
"live-in boyfriend" of one of the
witnesses, a female guard. In a judicial
proceeding, such a relationship between a
judge and a key witness would be
disqualifying, Hodge v. Commonwealth of
Kentucky, No. 1999-SC-0050-R, 2001 WL
1143135, at *6 (Ky. 2001); Williams v.
Reed, 6 S.W.3d 916, 921 (Mo. App. 1999);
see In re Faulkner, 856 F.2d 716, 721
(5th Cir. 1988) (per curiam); United
States v. Kelly, 888 F.2d 732, 745 (11th
Cir. 1989); Wesley v. State, 916 P.2d
793, 798 (Nev. 1996); Hadler v. Union
Bank & Trust Co., 765 F. Supp. 976, 978
(S.D. Ind. 1991), and if the judge were
not recused, the proceeding might well be
deemed inconsistent with due process. See
Bracy v. Gramley, 520 U.S. 899, 904-05
(1997). Oddly, we cannot find an
appellate case dealing with the cognate
issue of bias in prison disciplinary
committees. The requirements of due
process are considerably relaxed in the
setting of prison discipline, White v.

Indiana Parole Board, 266 F.3d 759, 766–68 (7th Cir. 2001); Francis v. Coughlin, 891 F.2d 43, 46 (2d Cir. 1989); Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1984), even though the consequences are frequently and here a prolongation of the prisoner's confinement. But it is well settled that the prisoner is entitled to an impartial tribunal, e.g., Whitford v. Boglino, 63 F.3d 527, 534 (7th Cir. 1995) (per curiam); Ramirez v. Turner, 991 F.2d 351, 355 (7th Cir. 1993); Merritt v. De Los Santos, 721 F.2d 598, 600 (7th Cir. 1983) (per curiam); Malek v. Camp, 822 F.2d 812, 816-17 (8th Cir. 1987), and he is denied that right if a member of the tribunal was a witness to the incident at issue. Whitford v. Boglino, supra, 63 F.3d at 534. It would not be a giant step to deem the right denied if the witness were the spouse or "significant other" of a member of the tribunal. And so we shall assume that if the relationship were as intimate as alleged here and if the witness were crucial to the prosecution, the proceeding would indeed violate due process.

We need not pursue the question, however, because the prisoner had the information about the alleged relationship between the committee member and the witness before he filed his administrative appeal, yet failed to advise the appellate tribunal, thus forfeiting his right to urge it as a ground for obtaining relief in a federal habeas corpus proceeding. 28 U.S.C. sec. 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rodriguez v. Scillia, 193 F.3d 913, 916-17 (7th Cir. 1999); Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001). Insistence on a timely complaint of a potentially disqualifying personal relationship is imperative, United States v. Johnpoll, 748 F. Supp. 86, 88-89 (S.D.N.Y. 1990), since there is a danger that prisoners will fabricate such claims or base them on groundless rumors. The later the claim is made, the likelier it is to be a last-minute invention.

Affirmed.