Steven L. EADS, Petitioner–Appellant,

v.

Craig A. HANKS, Respondent–Appellee.

No. 01–1720.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 21, 2001.

Decided Jan. 18, 2002.

Rehearing Denied Feb. 5, 2002.

Steven L. Eads, Carlisle, IN, pro se.

Janet L. Parsanko (submitted), Office of the Attorney General, Indianapolis, IN, for Respondent-Appellee.

Before POSNER, MANION, and ROVNER, Circuit Judges.

POSNER, Circuit Judge.

A state prisoner appeals from the denial of habeas corpus relief. A disciplinary committee at the prison had found him guilty of disorderly conduct and revoked 90 days of good-time credit, and he

claims that the proceeding denied him due process of law because (he alleges) a member of the committee is the "live-in boyfriend" of one of the witnesses, a female guard. In a judicial proceeding, such a relationship between a judge and a key witness would be disqualifying, *Hodge v. Commonwealth of Kentucky,* 68 S.W.2d 338, 346–47 (Ky.2001); *Williams v. Reed,* 6 S.W.3d 916, 921 (Mo.App.1999); see *In re Faulkner,* 856 F.2d 716, 721 (5th Cir.1988) (per curiam); *United States v. Kelly,* 888 F.2d 732, 745 (11th Cir.1989); *Wesley v. State,* 112 Nev. 503, 916 P.2d 793, 798 (1996); *Hadler v. Union Bank & Trust Co.,* 765 F.Supp. 976, 978 (S.D.Ind.1991), and if the judge were not recused, the proceeding might well be deemed inconsistent with due process. See *Bracy v. Gramley,* 520 U.S. 899, 904–05, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). Oddly, we cannot find an appellate case dealing with the cognate issue of bias in prison disciplinary committees. The requirements of due process are considerably relaxed in the setting of prison discipline, *White v. Indiana Parole Board,* 266 F.3d 759, 766–68 (7th Cir.2001); *Francis v. Coughlin,* 891 F.2d 43, 46 (2d Cir.1989); *Adams v. Gunnell,* 729 F.2d 362, 370 (5th Cir.1984), even though the consequences are frequently and here a prolongation of the prisoner's confinement. But it is well settled that the prisoner is entitled to an impartial tribunal, e.g., *Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir.1995) (per curiam); *Ramirez v. Turner,* 991 F.2d 351, 355 (7th Cir.1993); *Merritt v. De Los Santos,* 721 F.2d 598, 600 (7th Cir.1983) (per curiam); *Malek v. Camp,* 822 F.2d 812, 816–17 (8th Cir.1987), and it has been held that he is denied that right if a member of the tribunal was a witness to the incident at issue. *Whitford v. Boglino, supra,* 63 F.3d at 534. It would not be a giant step

to deem the right denied if the witness were the spouse or "significant other" of a member of the tribunal. And so we shall assume that if the relationship were as intimate as alleged here *and* if the witness were crucial to the prosecution, the proceeding would indeed violate due process.

■ We need not pursue the question, however, because the prisoner had the information about the alleged relationship between the committee member and the witness before he filed his administrative appeal, yet failed to advise the appellate tribunal, thus forfeiting his right to urge it as a ground for obtaining relief in a federal habeas corpus proceeding. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Rodriguez v. Scillia,* 193 F.3d 913, 916–17 (7th Cir.1999); *Wenger v. Frank,* 266 F.3d 218, 223–24 (3d Cir.2001). Insistence on a timely complaint of a potentially disqualifying personal relationship is imperative, *United States v. Johnpoll,* 748 F.Supp. 86, 88–89 (S.D.N.Y.1990), since there is a danger that prisoners will fabricate such claims or base them on groundless rumors. The later the claim is made, the likelier it is to be a last minute invention.

AFFIRMED.