Paul E. TEMPLE, Petitioner–Appellant,

v.

Cecil DAVIS, Superintendent, Respondent–Appellee.

No. 02–4375.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 2003.*

Decided Dec. 12, 2003.

Rehearing Denied Jan. 20, 2004.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Paul E. Temple, Michigan City, IN, for Petitioner–Appellant.

George P. Sherman, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before RIPPLE, MANION, and WILLIAMS, Circuit Judges.

ORDER

Indiana inmate Paul Temple seeks habeas corpus relief from two prison disciplinary convictions: trafficking and possession of an unauthorized substance. For the trafficking charge, Temple received only segregation. For the possession conviction, Temple lost good-time credit and was demoted in credit-earning class. The district court denied Temple's petition, concluding that the proceedings in his possession hearing satisfied due process and that the trafficking conviction could not be chal-

lenged under 28 U.S.C. § 2254. We affirm.

In May 2001 a strip search of Temple revealed a bag of a substance that field-tested positive for marijuana. Temple also produced some papers, a lighter, and what appeared to be more marijuana from his pocket. Officers then searched Temple's cell and discovered $8,245 in cash. In two separate interviews, Temple admitted having earned the money by trafficking in tobacco with prison staff. Consequently, Temple was charged with possession of an unauthorized substance and trafficking.

The two charges were heard at two separate CAB hearings. At Temple's possession hearing, he pleaded not guilty and requested the assistance of a lay advocate. The prison granted Temple's request for a lay advocate at the hearing itself, but did not allow him to confer with the advocate before the hearing. At the hearing, Temple claimed that he only had tobacco with him and not marijuana. The board, however, relied on the conduct report prepared by prison staff and the field test and found him guilty. The board sanctioned Temple with the loss of 180 days good-time credit and demoted him to credit-earning class II. Temple was convicted of the trafficking charge two weeks later and sentenced to a year of disciplinary segregation.

After exhausting his administrative appeals, Temple filed for habeas corpus relief under 28 U.S.C. § 2254. The district court denied relief. In this appeal, Temple asserts that the Conduct Adjustment Board ("CAB") violated his due process rights in his possession hearing because the panel that heard his case was biased, it denied him the opportunity to confer with a lay advocate, and it lacked sufficient evidence to convict him. He also contends that the charges were not timely and that his challenge to the trafficking conviction was cognizable under § 2254.

An Indiana prisoner has a protected liberty interest in his good-time credits and credit-earning class and may not be deprived of either without the minimum requirements of due process. *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir.2002) (per curiam); *Montgomery v. Anderson*, 262 F.3d 641, 645 (7th Cir.2001). A prisoner is entitled to twenty-four hours written notice of the charge, an opportunity to present evidence to an impartial decisionmaker, and a written statement explaining the board's decision, *Wolff v. McDonnell*, 418 U.S. 539, 563–66, 570–71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), that is supported by "some evidence" in the record, *Superintendent, Mass. Corr. Inst. Walpole v. Hill*, 472 U.S. 445, 454–55, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Piggie*, 342 F.3d at 662.

■ We first address Temple's arguments regarding his possession hearing. Temple contends that the CAB denied him a hearing before an impartial decisionmaker. Although he argues that the hearing panel was biased, he fails to specify how. A mere "allegation of partiality" is insufficient to invalidate a conduct board's decision. *Pannell*, 306 F.3d at 502. Rather, a prisoner must demonstrate bias concretely, for example by showing that a member of the board was involved in the investigation of the underlying charge. *Id.*; *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir.2002). Temple has failed to allege any facts to support his charge of bias, and indeed the record does not contain any facts suggesting bias. The district court correctly rejected Temple's assertion of bias.

■ Temple also argues that the CAB violated his due process rights because it did not allow him to confer with his lay advocate before his hearing. He argues that Indiana law entitles him to an advocate and the pre-hearing consultation necessary to present his case properly. However, as Temple concedes, prisoners do not

have a due process right to lay counsel unless they are illiterate or unable to understand complex charges against them. *Wolff v. McDonnell,* 418 U.S. 539, 570, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Temple's detailed pleadings demonstrate that he is able to read and that he understood the charges against him. Further, although Indiana law grants inmates greater access to lay assistance than the Constitution requires, it does not suggest that inmates are entitled to *pre*-hearing legal assistance. *See* Ind.Code § 11–11–5–5(a)(7). Moreover, violations of state law cannot be a basis for relief under § 2254. *Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir.2002). The prison did not violate Temple's due process rights by refusing pre-hearing consultation with his advocate.

Next, Temple appears to challenge the sufficiency of the evidence presented at his hearing. To comport with due process, the decisions of prison disciplinary boards must be supported by "some evidence in the record." *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir.2000). This is a lenient standard, and we will not reweigh the evidence supporting the board's decision so long as it is not patently unreliable. *Id.* At Temple's possession hearing, the CAB relied on the conduct report, which was sufficient to support Temple's conviction. *See McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999). In addition, the CAB considered a field test and witness statements. *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir.2002) (witness statements constitute "some evidence"). Accordingly, we agree that Temple's prison disciplinary hearing did not violate his due process rights.

Temple also appears to argue that the charges against him were not timely under the Indiana prison disciplinary procedures. However, he did not raise this argument before the district court, so it is waived. *Smith v. Zachary,* 255 F.3d 446,

452 (7th Cir.2001). Further, even assuming Temple is correct that disciplinary procedures were not followed, § 2254 is not a remedy for errors of state law. *Dellinger,* 301 F.3d at 764.

Finally, the district court properly rejected Temple's challenge to his trafficking conviction, for which he received only disciplinary segregation. Because disciplinary segregation affects the severity rather than the duration of custody, Temple could not challenge that conviction under § 2254. *Montgomery v. Anderson,* 262 F.3d 641, 643–44 (7th Cir.2001). Although Temple appears to argue that he received more than just segregation because the separate hearing of his two charges delayed his reinstatement to a higher credit-earning class, there is no evidence in the record to support this contention. Further, even assuming that Temple's claim regarding his trafficking hearing is cognizable under § 2254, his arguments substantially match the claims he raised challenging his possession hearing, and would similarly fail.

AFFIRMED