UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2005[*]
Decided January 10, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 05-2949 | |
| | Appeal from the United States District |
| RONNIE L. MCATEE, | Court for the Southern District of |
|     *Petitioner-Appellant,* | Illinois |
| | |
|     *v.* | No. 02-1100-JLF |
| | |
| ALAN M. UCHTMAN, | James L. Foreman, |
|     *Respondent-Appellee.* | *Judge.* |

**O R D E R**

Inmate Ronnie McAtee appeals the denial of his petition for habeas corpus under 28 U.S.C. § 2254. McAtee seeks relief from three decisions by the Illinois Department of Corrections Administrative Review Board (ARB) that affirmed a series of disciplinary convictions. We affirm the district court's denial of the petition.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Over a roughly four-month period in 1998, prison officials cited Ronnie McAtee for committing disciplinary infractions on at least thirteen separate dates. The alleged infractions included insubordination, threatening corrections officers, covering his cell door and covering the light in his cell to inhibit surveillance, sabotaging the sprinkler head in his cell and causing minor flooding, refusing to surrender a meal tray, refusing to remove his arm from the hatch in his cell door and jamming the lock on that hatch, and stealing a book from the prison law library. A hearing committee of the Illinois Department of Corrections, meeting on multiple occasions throughout this period, found McAtee guilty of almost every charge and, among other administrative sanctions, revoked a total of 37 months of good-time credit.

McAtee filed three separate grievances with the ARB seeking the restoration of his good-time credits. The ARB reviewed the hearing committee's records and recommended that each grievance be denied because it was "reasonably satisfied that the inmate committed the infractions." McAtee filed an action for mandamus in the state court, asking that his credits be reinstated because they had been revoked in violation of his due process rights and the Department of Corrections' regulations. The state court held that he had not stated a viable claim and dismissed his action. Without appealing his case to the Illinois Appellate Court, McAtee petitioned in district court for a writ of habeas corpus under § 2254. The district court found that McAtee had not procedurally exhausted his state remedies and denied the petition, and we affirmed that denial. *See McAtee v. Cowan*, 250 F.3d 506 (7th Cir. 2001).

McAtee proceeded to exhaust his state remedies, taking his case to the Illinois Appellate Court. There he argued that the trial court erred by dismissing his complaint, that his disciplinary hearing was not fair and impartial, that he was denied due process, and that there was insufficient evidence on the record to support his disciplinary sanctions. The state appellate court disagreed, determining that his conduct hearing was fair and impartial and that the trial court's decision was supported by adequate evidence and an adequate written record. McAtee petitioned for leave to appeal to the Illinois Supreme Court, but was denied.

Following this denial, McAtee filed a second petition under § 2254 in the district court. He alleged again that there was insufficient evidence on the record to sustain the disciplinary findings, that he was not given notice of the charges underlying those findings, that there was an insufficient written record to sustain the decisions, and that the hearing committee's deficient process violated state laws. Upon the magistrate judge's recommendation the district court denied the petition. McAtee appeals that decision.

As a preliminary matter, we note that because McAtee is appealing the administrative revocation of good-time credits, he was not required to obtain a certificate of appealability in order to proceed on appeal. *See Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000). The respondents ask that we overrule *Walker* and require a certificate of McAtee and future appellants. We decline to do so.

We review the district court's denial of McAtee's petition *de novo*. *See Horton v. Litscher*, 427 F.3d 498, 504 (7th Cir. 2005). Because his claim was adjudicated on the merits in an Illinois court, we may not grant McAtee's petition unless the state court's decision was contrary to or misapplied Supreme Court precedent, or was based on an unreasonable reading of the facts in light of the evidence. *See id.*; 28 U.S.C. § 2254(d)(1), (2). Insofar as McAtee's petition is based on asserted violations of Illinois law, there is no relief available under § 2254; federal habeas relief "is only available to a person in custody in violation of the United States Constitution or laws or treaties of the United States." *See Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002). McAtee alternatively characterizes his arguments on appeal as due process arguments, and we will address them as such.

McAtee first argues that he was denied due process stemming from the prison's failure to provide a fair and impartial hearing committee. He contends that the two committee members who issued the decisions in each of his disciplinary hearings intentionally misrepresented the statements of one of his witnesses, Randy Ryder-El. The committee reported that Ryder-El testified that he heard McAtee make insubordinate and derogatory comments to a correctional officer, while McAtee submitted an affidavit from Ryder-El denying that he gave such testimony.

McAtee has a due process right to an impartial decisionmaker in a prison disciplinary hearing. *See Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003), *citing Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). The decisionmakers are entitled to a presumption of "honesty and integrity," and thus "the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). McAtee does not explain how the variance between Ryder-El's reported testimony and his subsequent affidavit shows bias on the part of the hearing committee, especially given the presumption of honesty and integrity that we afford the adjudicators. "The requirements of due process are considerably relaxed in the setting of prison discipline." *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). The Illinois Appellate Court determined on the same record that McAtee had not shown that his hearing committee was biased, and he has not demonstrated here any error in that holding.

McAtee next contends that the hearing committee's decisions are not adequately supported by a written record. He cites *Redding v. Fairman*, 717 F.2d

1105, 1114-15 (7th Cir. 1983), for the proposition that a disciplinary committee violates an inmate's due process rights when it provides only a conclusory statement of reasons for its ruling. In that case, the record of the committee's decision said only, "All evidence presented has convinced the committee the resident is guilty" of the alleged infractions. *Id.* at 1108. We held that the committee's statement in that case was so broad that a reviewing court could not adequately discern whether the committee was impartial or its actions were arbitrary. *Id.* at 1116.

*Redding* is distinguishable, however, from a case like this in which the committee specifies a basis for its decision, even when that explanation is cursory. In *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987), we observed that the deficiency with the hearing in *Redding* was that the committee explained that it relied on "all evidence," which was effectively the same as no explanation at all. *Id.* Even an extremely brief summary, such as the statement of the committee in *Saenz* that the correctional officer's "written statement supports the finding of guilt," will suffice so long as there "is no mystery about [the committee's] reasoning process." *Id.* at 1173, 1174. *See Moffat v. Boyles*, 288 F.3d 978, 981 (7th Cir. 2002).

Here, the Illinois Appellate Court properly found that the committee had sufficiently explained its reasons. Each hearing committee report includes a heading entitled "Basis for Decision", and in each report that heading precedes a short but adequate summary of the testimony against McAtee along with his history of prior similar offenses. For example, one committee report reads, "Based on the observation of the reporting employee that McAtee popped tha [sic] cap off his fire sprinkler in the back of his cell which flooded the gallery, positive identification made by gallery chart, past history [of five citations for a related offense code]. This committee is satisfied the inmate is guilty as charged." This summary was more specific than simply citing "all evidence presented," as the committee did in *Redding*. Because McAtee's evidence was limited to his own testimony and that of other inmates, the only question before the committee was one of credibility. Even a "curt explanation" was therefore adequate. *Moffat*, 288 F.3d at 981 (noting in dicta that when the dispute is over "a curt explanation may suffice when it was evident to all involved that the only question was one of credibility, so that to find the prisoner guilty at all is to reveal how the core dispute has been resolved.").

McAtee raises additional arguments that the committee's written record was inadequate, asserting that it was unreasonable to rely on past offenses that were dissimilar to the instant offenses or that the hearing committee violated his rights by not calling favorable witnesses. But he fails to make any argument as to how the Illinois Appellate Court's decision that found the record adequate falls short of the highly deferential standard of § 2254(d). *See Pannell v. McBride*, 306 F.3d 499,

502 (7th Cir. 2002). The Illinois Appellate Court did not misapply Supreme Court precedent or make any unreasonable factual findings of fact in resolving this issue.

Finally, McAtee contends that the hearing committee violated his due process rights by finding him guilty of the disciplinary infractions without sufficient evidence. He asserts that the committee relied on nothing more than the disciplinary reports against him and the testimony of the prison staff submitting those reports. There must be "some evidence" to support the hearing committee's findings in order to provide the due process of law. See *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). As noted, the evidence the committee cited for each infraction consisted of testimony, generally that of the correctional officer reporting the infraction, and a list of McAtee's prior, similar infractions. The officers' reports, as submitted to the committee, are included in McAtee's pleadings, and are the sort of evidence that we have found to meet the "some evidence" standard. *McPherson*, 188 F.3d at 786 (concluding that brief conduct report was sufficient evidence so long as cited behavior violated the prison rule).

AFFIRMED.