**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2006[*]
Decided March 24, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1761

CURTIS W. REDDY,
    *Petitioner-Appellant,*

    *v.*

ZETTIE COTTON, Superintendent,
    *Respondent-Appellee.*

Appeal from the United States District
Court for the Southern District of
Indiana, Indianapolis Division

No. 1:04-cv-01488-LJM-WTL

Larry J. McKinney,
*Chief Judge.*

## O R D E R

Indiana inmate Curtis Reddy is serving six years in prison for carjacking. He petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a disciplinary conviction that resulted in the loss of 60 days of earned credit time. Reddy argued that he was denied due process because the Conduct Adjustment Board (CAB) refused to let him withdraw his previous admission to the alleged misconduct and, according to Reddy, found him guilty without sufficient evidence. The district court denied the petition and we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

On April 11, 2004, Officer Boyll wrote a report of conduct charging Reddy with refusing to obey an order to refrain from hanging his boxer shorts from his bed rail. On April 20, Reddy admitted the violation to a screening officer, expecting to be penalized, as he had been in the past for the same infraction, by the temporary loss of day-room privileges. This time, however, the screening officer referred the matter to a CAB, which held a hearing two days later. In accepting Reddy's guilty plea and revoking 60 days of earned credit time, the CAB considered Boyll's conduct report and a previous informal conduct report—completed just 11 days before Boyll's report—for hanging undershorts on his bed rail.

Reddy argues that the CAB should have allowed him to withdraw his guilty plea because, he maintains, he would not have admitted the violation had he known he stood to lose good-time credit. And, he adds, the CAB should not have considered the informal conduct report charging the same infraction because the Adult Disciplinary Procedures provide for informal conduct reports to be expunged after the sanction is completed, and he already had completed the sanction for that violation. Without his admission and the informal conduct report, Reddy concludes, there is no evidence that he ever was ordered not to hang undershorts on his bed rail.

Due process requires a disciplinary conviction to be supported by at least "some evidence." *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985). We apply a "lenient standard" in reviewing the sufficiency of the evidence supporting a prison disciplinary decision, asking "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (emphasis in original) (citation omitted).

Reddy procedurally defaulted his contention that the CAB should have allowed him to withdraw his plea by omitting it from his administrative appeals. *See Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). And we agree with the district court that, even if the CAB violated an administrative procedural rule by considering the informal conduct report that should have been expunged the day before, the violation is not cognizable under § 2254. *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) (state-law claims not cognizable on federal habeas corpus review). Regardless, even without Reddy's guilty plea and the informal conduct report that he challenges, there was enough evidence to support the sanction. The CAB had Officer Boyll's description of the incident. Boyll reported observing that Reddy "had again placed a pair of boxer shorts on his bed rail" after receiving "progressive discipline on this previously." As the final reviewing authority correctly observed, Boyll's "conduct report is quite clear and does support the charge." Boyll's report is alone sufficient to support the CAB's finding that Reddy disobeyed an order not to hang undershorts on his bed rail. *See McPherson v.*

*McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (disciplinary report describing conduct that violates prison rule is "some evidence").

                                                                    AFFIRMED.